IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Terry J. Poston, | ) | C/A No. 4:10-1732-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Wal-Mart Stores East, LP, Wal-Mart | ) | |
| Transportation, LLC, Wal-Mart Realty | ) | |
| Company, Wal-Mart.Com USA, LLC, | ) | |
| Wal-Mart Stores East, Inc., Wal-Mart | ) | |
| Neighborhood Market, Wal-Mart | ) | |
| Supercenter, Wal-Mart Associates, Inc., | ) | |
| Wal-Mart Real Estate Business Trust, | ) | |
| Wal-Mart Properties, Inc, and Wal-Mart | ) | |
| Stores, Inc, d/b/a Wal-Mart Supercenter | ) | |
| #574, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter was removed to this court based on the assertion of diversity jurisdiction under 28 U.S.C. §1332. Jurisdiction under this section exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. The amount in controversy requirement is tested at the time of removal. When an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that plaintiff *cannot* recover damages in excess of $75,000. Wright, Miller & Cooper, *Federal Practice and Procedure* §3725 (1985 and Supp. 1998). Frequently, these requirements are satisfied when actual and punitive damages are sought and plaintiff has not affirmatively pled a cap on damages or otherwise limited the

amount of damages sought prior to the time of removal. Limitations on damages after removal do not affect jurisdiction; however, clarifications of the amount sought at the time of removal may result in remand. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction); *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F. Supp. 1305 (E.D. Ky. 1990) (ambiguous demands may be subject to post-removal clarification); Wright & Miller § 3702 (Supp. 1998).

The complaint in the present case seeks only unspecified actual damages. Pursuant to a special interrogatory to the plaintiff, the court sought clarification of the plaintiff's intent, at the time this matter was initially filed in state court, to pursue monetary damages. By filing on August 27, 2010, plaintiff stipulated that his damages in her claims do not exceed $75,000 [Entry #15]. As a result of plaintiff's stipulation, to which he is bound, that the amount in controversy for his demand does not exceed $75,000, and it appears this court lacks subject matter jurisdiction such that remand of the action to the Court of Common Pleas for Marion County is appropriate. Therefore, the undersigned recommends[1] that Plaintiff's motion to remand [Entry #5] be granted. It is recommended that no costs be imposed, as removal was not improper given the facts then known to defendant.

---

[1] This motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Some courts have found orders of remand are nondispositive and fall within 28 U.S.C. § 636(b)(1)(A). *See, e.g., McRae v. Evans*, C/A No. 2:06-3075CWH, 2006 WL 3327639 (D.S.C. Nov. 15, 2006) (noting magistrate judge's authority to enter final order remanding matter to state court); *Wachovia Bank, N.A. v. Deutsche Bank and Trust Co. Ams.*, 397 F. Supp. 2d 698, 700-02 (W.D.N.C. 2005) (finding same, collecting cases, noting the Fourth Circuit Court of Appeals has not addressed the issue). However, because there is a conflict in authority, the undersigned makes this Report and Recommendation.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 30, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge